1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QUILLON EDWARD CLEMONS,

                                    Plaintiff,

        v.

PAUL PASTOR, *et al.*,

                                    Defendants.

No. C10-5235 RJB/KLS

ORDER DENYING LETTER REQUEST
TO CERTIFY CLASS AND POSTPONE
ACTION

Before the court is Plaintiff's letter to the Clerk requesting that this matter be postponed
and that his case be certified as a class.  Dkt. 3.  Plaintiff's motion for leave to proceed *in forma
pauperis* filed on April 5, 2010 has been granted under separate Order.

In his letter, Plaintiff states that he wishes the court to process his requests, but to
postpone procedures due to difficulties he is experiencing in obtaining "all the needed
information." Dkt. 3.  Plaintiff is advised that this case shall proceed according to normal court
practice.  Alternatively, Plaintiff may file a motion to voluntarily dismiss his case without
prejudice for the court's consideration.  Plaintiff would then be free to file his complaint at a time
that is more agreeable to him.

Plaintiff also asks that his case be certified as a class action.  Dkt. 3.   The factually
specific nature of the claims raised in Plaintiff's proposed complaint and the court's experience
with multiple pro se litigation convinces the court that the Plaintiff should proceed separately

ORDER - 1

with his individual claims.  Plaintiff cannot act on behalf of others, but must bring his action on his own behalf and must plead specific conduct that has been committed by a person or persons acting under color of state law that deprived him of a right, privilege or immunity secured by the Constitution.   Plaintiff must plead specific facts showing how and when and by whom he was harmed by that conduct.

Plaintiff is further advised that a pro se party may not represent the interests of other persons.  Although a non-attorney may appear pro se on behalf of himself, he has no authority to appear as an attorney for others.  *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997).  If Plaintiff believes a class action is the appropriate vehicle to address the issues he has standing to raise, he may file a motion for class certification and should refer to Local Rule 23 governing the format and timing for bringing motions to certify a class.

Finally, Plaintiff is advised that all future filings with the court shall be in the form of a motion, properly noted and served upon opposing counsel before the court will take action regarding the filing.

Accordingly, it is **ORDERED**:

(1)     Plaintiff's motion to certify class and for postponement of action (Dkt. 3) is **DENIED.**

(2)     The Clerk of the Court shall send a copy of this Order to Plaintiff.

DATED this   29th   day of April, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2