UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUILLON EDWARD CLEMONS,<br><br>          Plaintiff,<br><br>     v.<br><br>SHERIFF PAUL PASTOR, MARTHA KARR, JUDY SNOW, ERIKA ZIMMERMAN, and MARY SCOTT,<br><br>          Defendants. | No. C10-5235 RJBKLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUBMIT EVIDENCE, TO JOIN THIRD PARTY, TO AMEND, AND FOR JURY TRIAL |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff was granted leave to proceed *in forma pauperis* on April 29, 2010.  Dkt. 5.  Plaintiff's complaint was served and counsel has entered an appearance on behalf of the Defendants.  Dkt. 10.  Defendants have not yet filed an answer to the complaint.

Presently before the court are several motions filed by Plaintiff: (1) motion to submit evidence (Dkt. 16); (2) motion to join third party (Dkt. 17); (3) motion to amend (Dkt. 18); and, (4) motion for order pursuant to Rule 38 (Dkt. 21).  For the reasons set forth below, these motions shall be denied.

ORDER - 1

**(1)     Motion to Submit Evidence (Dkt. 16)**

Plaintiff seeks to submit unidentified and unspecified evidence to be retained in the court's possession.  There are presently no pending motions.  The court does not retain evidence on behalf of the parties.

The parties will be given an opportunity to identify the evidence that they intend to present at trial.  After the Defendants have filed their answer to the complaint, the court will issue a Scheduling Order governing discovery, the filing of dispositive motions and the parties' joint status report, in which the parties are to list all exhibits to be offered at trial.

**(2)     Motion to Join Third Party (Dkt. 17)**

Plaintiff seeks to join the Pierce County Court Clerk as a third party defendant, alleging that the Clerk interfered with motions filed by Plaintiff in state court and seeks $2.1 million in damages.  Dkt. 17.  Plaintiff cites to Fed. R. Civ. P. 14, which governs third-party practice and Fed. R. Civ. P. 19, which governs joinder of parties.  Rule 14 is not applicable.  When a claim is asserted against a plaintiff, the plaintiff may bring in a third party if this rule would allow a defendant to do so.  There are no claims asserted against Plaintiff in this action.

Rule 19 establishes a two-step inquiry for determining who should be joined in a given action.  First, the court should determine whether a party should be joined.  *Aguilar v. Los Angeles County,* 751 F.2d 1089, 1091 (9th Cir. 1985).  A party should be joined if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject

ORDER - 2

to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a).

Mr. Clemons filed this civil rights lawsuit against individuals employed at the Pierce County Jail alleging denial of medical care and claims relating to the conditions of his confinement at the Pierce County Jail. Dkt. 6. In his joinder motion, Mr. Clemons seeks to join a party relating to a claim that is not part of his complaint and who claims no interest relating to the subject matter of this action.

Moreover, Mr. Clemons alleges that the Pierce County Clerk is interfering with his ability to file motions in state court. This court will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45 46 (1971); *see also Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), *cert. denied*, 116 S.Ct. 49 (1995). In addition, this court does not have jurisdiction to compel state officials to perform a duty owed to Plaintiff. *Demos v. United States Dist. Court for E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991).

Thus, Plaintiff's motion to join a third party (Dkt. 17) is **denied.**

**(3)     Motion to Amend (Dkt. 18)**

Plaintiff seeks to amend his pleading to reduce the amount of damages he seeks and offers to settle with Defendants for the stated amounts. This motion shall be denied. The parties are free to engage in settlement negotiations independent of the court. Plaintiff's request for a court scheduled settlement conference is premature.

ORDER - 3

**(4)     Motion for Jury Trial (Dkt. 21)**

In this motion, Plaintiff demands a jury trial and to commence hearings and discovery. The commencement of hearings and discovery shall be governed by the court's Scheduling Order, as described above. While Plaintiff's demand for a jury trial has been properly filed, it must also be served. Pursuant to Rule 38(b)(1), Plaintiff's demand must be served on the other parties, or the right to a trial by jury is waived. Attorney Donna Masumoto has entered an appearance on behalf of the Defendants. Dkt. 10. Plaintiff must serve his demand for a jury trial on Ms. Masumoto, as counsel for Defendants.

Accordingly, it is **ORDERED:**

(1)     Plaintiff's motion to submit evidence (Dkt. 16), motion to join third party (Dkt. 17), and motion to amend (Dkt. 18) are **DENIED**. Plaintiff's motion for jury trial has been filed and now must be served on the parties. The motion is, therefore, **stricken.** The motion to commence discovery (Dkt. 21) is **DENIED** as discovery will be governed by a scheduling order.

(2)     The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

DATED this  29th  day of July, 2010.

*Karen L. Strombom* (signature)
Karen L. Strombom
United States Magistrate Judge

ORDER - 4