UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUILLON EDWARD CLEMONS,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SHERIFF PAUL PASTOR, MARTHA KARR, JUDY SNOW, ERIKA ZIMMERMAN, and MARY SCOTT,<br><br>　　　　　　　　　Defendants. | No. C10-5235 RJB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  September 10, 2010** |

　　　　Before the court is the motion for summary judgment of Plaintiff Quillon Edward Clemons.  Dkt. 28.  Defendants Paul Pastor, Martha Karr, Judy Snow, Erika Zimmerman, and Mary Scott filed a response.  Dkt. 30.  Having carefully reviewed the parties' pleadings, supporting declarations, and balance of the record, the undersigned recommends that Plaintiff's motion for summary judgment be denied.

**SUMMARY OF CASE**

　　　　On April 29, 2010, Plaintiff was granted leave to proceed *in forma pauperis* and his civil rights complaint was filed.  Dkts. 5 and 6.  Plaintiff alleges that he was subjected to substandard conditions of confinement, was denied adequate medical and mental health treatment, was punished for refusing to take an upper bunk assignment, and that Defendants have failed to properly train their subordinates.  Dkt. 6, p. 3.

REPORT AND RECOMMENDATION - 1

On July 22, 2010, Defendants filed a pre-answer motion to dismiss. Dkt. 31. The motion is noted for consideration on August 27, 2010. *Id.*

In his motion for summary judgment, Plaintiff states in conclusory fashion that he has been subjected to "unconstitutional deprivation of a basic human need: food, warmth, safety. Id Est. Ibid. The Abridgement of the Eighth Amendment to the United States of America's Bill of Rights." Dkt. 28, p. 1. In support of this claim, Plaintiff states that he "asserts a staggering amount of evidence in his favor, enough for a reasonable jury to build inference from, and find a verdict in [his] favor." *Id.* Plaintiff submitted no evidence in support of his motion.

## STANDARDS OF REVIEW

**A.    Summary Judgment Standard**

Summary judgment will be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those positions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 788 F.2d 254, 259 (6th Cir. 1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325.

If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion.

REPORT AND RECOMMENDATION - 2

*Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S. Ct. 2502, 91 L.Ed.2d 202 (1986). "A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001).

**B.     42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 975 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. The Civil Rights Act, 42 U.S.C. § 1983, is not merely a "font of tort law." *Parratt*, 451 U.S. at 532. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself necessarily demonstrate an abridgement of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

The Eighth Amendment protects inmates from cruel and unusual punishment. Harsh prison conditions may constitute cruel and unusual punishment unless such conditions are inherent in the fact of conviction. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Eighth Amendment standard requires proof of both the objective and subjective component. *Hudson v. McMillian*, 503 U.S. 1 (1992). First, the deprivation alleged must objectively be sufficiently serious, resulting in a denial of the "minimal

REPORT AND RECOMMENDATION - 3

civilized measures of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes*, 452 U.S. at 347). "Only extreme deprivations are adequate to satisfy the objective component of any Eighth Amendment claim." *Rish v. Johnson*, 131 F.3d 1092, 1096 (9th Cir. 1997).

In proving the objective component an inmate must establish that there was both some degree of actual or potential injury, and that society "considers the [acts] that the plaintiff complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly [to those acts]." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Estelle v. Gamble*, 429 U.S. 97, 102 (1976). The subjective component requires that the prison official possesses a sufficiently culpable state of mind: "deliberate indifference to inmate health and safety." *Farmer*, 511 U.S. at 834-36. With regard to deliberate indifference a prison official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of *serious harm* exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837 (emphasis added).

If one of the components is not established, the court need not inquire as to the existence of the other. *Helling v. McKinney*, 509 U.S. 25 (1993). "It is obdurance and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clauses . . . ." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991) (citing *Whitley*, 475 U.S. at 319).

Plaintiff makes only a vague, conclusory statement that his Eighth Amendment rights to food, warmth and safety have been denied. He provides no factual basis for these claims and provides no admissible evidence to support his contentions.

REPORT AND RECOMMENDATION - 4

Accordingly, it is recommended that Plaintiff's motion for summary judgment (Dkt. 28) be **DENIED.**

## CONCLUSION

The undersigned recommends that Plaintiff's motion for summary judgment (Dkt. 28) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 10, 2010**, as noted in the caption.

DATED this   16th   day of August, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5