UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUILLON EDWARD CLEMONS,<br><br>                        Plaintiff,<br><br>    v.<br><br>PAUL PASTOR, MARTHA KARR,<br>JUDY SNOW, ERIKA ZIMMERMAN,<br>and MARY SCOTT,<br><br>                        Defendants. | No. C10-5235 RJB/KLS<br><br>ORDER DENYING MOTION TO JOIN<br>THIRD PARTY |

Before the court is Plaintiff's motion to join third party. Dkt. 26. Defendants oppose the motion. Dkt. 29. Having reviewed the motion, opposition, and balance of the record, the court finds that the motion should be denied.

**BACKGROUND**

Plaintiff is currently confined at the Pierce County Jail where he alleges he was subjected to substandard conditions of confinement, was denied adequate medical and mental health treatment, was punished for refusing to take an upper bunk assignment, and where Defendants have failed to properly train their subordinates. Dkt. 6, p. 3.   Defendants have filed a pre-answer motion to dismiss. Dkt. 31. The motion is noted for consideration on August 27, 2010. *Id.*

ORDER DENYING MOTIONS FOR JOINDER - 1

In his motion for joinder, Plaintiff seeks to join Dr. Balderama (for refusing to provide him with any kind of medical attention other than to provide Plaintiff with Tylenol) and Vince Goldsmith (for failing to train and supervise employees of the medical department). Dkt. 26, p. 1. Plaintiff also seeks to join Officer Correll and Sergeant Wasson for violating his due process and First Amendment rights, and R. Davis and Sergeant Schultz relating to a "May 9th incident of excessive force," and the destruction of evidence. *Id.*, p. 2.

The court finds that the motion for joinder should be denied.

## DISCUSSION

Rule 20(a) (2) imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. *See League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir.1977).

Plaintiff's motion is deficient in that it fails to inform the court of the factual allegations underlying Plaintiff's claims. It is impossible to discern from the general broad and conclusory statements made in Plaintiff's motion whether the claims relate to or arise out of the same transaction or occurrences raised in his complaint. He shows no question of law or fact common to the parties named in his complaint and those he wishes to join in his complaint.

Defendants' motion to dismiss is pending and that motion is based on Plaintiff's failure to state a claim on which relief may be granted. The addition of several additional defendants at this juncture will not cure any such deficiencies. Amendment of Plaintiff's pleading, if any is to be allowed, must await the court's ruling on Defendants' motion to dismiss.

ORDER DENYING MOTIONS FOR JOINDER - 2

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to join third party (Dkt. 26) is **DENIED.**

(2) The Clerk of Court is directed to send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this 30th day of August, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTIONS FOR JOINDER - 3