UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUILLON EDWARD CLEMONS,<br><br>                              Plaintiff,<br><br>     v.<br><br>PAUL PASTOR, MARTHA KARR,<br>JUDY SNOW, ERIKA ZIMMERMAN,<br>and MARY SCOTT,<br><br>                              Defendants. | No. C10-5235 RJB/KLS<br><br>REPORT AND RECOMMENDATION<br>**Noted For:  December 10, 2010** |

Before the court is Defendants' Motion to Dismiss.  ECF No. 31.  Plaintiff filed a response.  ECF No. 34[1].  Having carefully reviewed the motion, Plaintiff's opposition, balance of the record, and resolving all doubts in Plaintiff's favor, the court recommends that Defendants' motion to dismiss be granted in part and denied in part, and that Plaintiff be given an opportunity to file an amended complaint to cure the deficiencies noted herein as to his Eighth Amendment claims relating to the lack of medical care and conditions of his confinement.

---

[1] Plaintiff attached to his response copies of inmate grievances, sanction reports, kites to medical, and a phone history. *See* ECF No. 34, p. 3.  In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir.1998); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, *see Branch*, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, *see Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001); and (3) documents and materials of which the court may take judicial notice, *see Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994).

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff Quillon Edward Clemons sued Sheriff Paul Pastor, Martha Karr (Chief of Corrections), Erika Zimmerman (Head of Mental Health), Mary Scott (Head of Medical), and Judy Snow (Director and Clinical Services), relating to the conditions of his confinement at the Pierce County Jail.  Mr. Clemons alleges that he was given little or no mental health treatment for panic attacks, that he was provided insufficient medical treatment for a separated shoulder, and that he was placed in an upper bunk despite his shoulder injury. ECF No. 6, pp. 11, 3-4. Plaintiff alleges that the conditions of his confinement were "horrid and gross" because the jail was very cold, he was not given enough food to eat, he was housed with inmates who yelled and screamed all night, and the cells were unsanitary. ECF No. 6, pp. 7-10, 11.

Plaintiff also alleges that he experienced difficulty in submitting, processing and receiving responses to his inmate kites and grievances. ECF No. 6, pp. 5-6.  And, he alleges that there has been a failure to train subordinates in the proper handling of inmate problems. ECF No. 6, p. 4.

Defendants filed a motion to dismiss on the grounds that Plaintiff has failed to allege the personal participation of the Defendants and for failure to plead the deprivation of Constitutional rights. ECF No. 31.

## STANDARD OF REVIEW

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001).  All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395

REPORT AND RECOMMENDATION - 2

U.S. 411, 421 (1969); Lee, 250 F.3d at 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b) (6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

The court has an obligation, particularly in civil rights actions, to construe pro se pleadings liberally.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982); see also *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

In order to survive a motion to dismiss, a complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).   Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  "[N]aked  assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice.  *Id*., quoting *Twombly*, 550 U.S. at 557.  Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*, quoting *Twombly*, 550 U.S. at 570.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, *Smith v. Pacific Properties and Development Corp*., 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to

REPORT AND RECOMMENDATION - 3

amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

## DISCUSSION

**A.      Stating a Claim Under Section 1983**

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  Implicit in the second element is a third element of causation.  *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980).  When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (1977).  To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).   The inquiry into causation must be

REPORT AND RECOMMENDATION - 4

individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976).

Defendants in a 42 U.S.C. § 1983 action cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978); *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Absent some personal involvement by the defendants in the allegedly unlawful conduct of subordinates, they cannot be held liable under § 1983. *Johnson*, 588 F.2d at 743-44. "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), cert. denied, 469 U.S. 845 (1984).

Plaintiff's claims may be generally summarized as (1) Eighth Amendment claim for lack of medical treatment; (2) Eighth Amendment claim for substandard conditions of confinement; (3) failure to process grievances; and (4) failure to train subordinates.[2]

**(1)    Medical Treatment**

Deliberate indifference to an inmate's serious medical needs violates the Eighth

---

[2] Mr. Clemons also attempts to assert a claim of "nonrational punishment," in which he alleges generally that other unnamed inmates with medical issues are forced into upper bunks and when they refuse are put in Administrative Segregation for failing to comply with a housing assignment. ECF No. 6, p. 4. Mr. Clemons must limit his allegations to those relating to conduct of the named defendants that resulted in the violation of his constitutional rights. His claim that he was forced to sleep in an upper bunk despite his injured shoulder is addressed within his Eighth Amendment claim for lack of medical treatment.

REPORT AND RECOMMENDATION - 5

Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 7, 104 (1976). Deliberate indifference includes denial, delay or intentional interference with a prisoners's medical treatment. *Id*. at 104-5; see also *Broughton v. Cutter Labs*., 622 F.2d 458, 459-60 (9th Cir. 1980). To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059. Second, the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834.

An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. *Id*. at 835. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. See *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). In other words an official must (1) be actually aware of facts from which an inference could be drawn that a substantial risk of harm exists, (2) actually draw the inference, but (3) nevertheless disregard the risk to the inmate's health. *Farmer*, 511 U.S. at 837-8.

REPORT AND RECOMMENDATION - 6

Prison authorities have "wide discretion" in the medical treatment afforded prisoners. *Stiltner v. Rhay*, 371 F.2d 420, 421 (9th Cir. 1971), cert. denied, 387 U.S. 922 (1972). To prevail on an Eighth Amendment medical claim, the plaintiff must "show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), cert. denied, 519 U.S. 1029. A claim of mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Simple malpractice, or even gross negligence, does not constitute deliberate indifference. *McGuckin*, 974 F.2d at 1059. Similarly, a difference of opinion between a prisoner-patient and prison medical authorities regarding what treatment is proper and necessary does not give rise to a §1983 claim. *Franklin*, 662 F.2d at 1344; *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970). If a plaintiff is claiming a delay of medical care, then he must demonstrate that the delay was actually harmful. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam); *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Defendants argue that Plaintiff's claim for "total lack of medical or mental treatment" should be dismissed because, at best, Plaintiff has only alleged a difference of opinion in the medical treatment and medication that he did receive while he was in jail. ECF No. 31, p. 3. However, Plaintiff has alleged that he suffered from panic attacks that went untreated; that despite medication, he suffers chronic pain in his shoulder; and, that he was forced to sleep in an upper bunk despite his shoulder pain. ECF No. 6, pp. 11 and 3. He also alleges that he suffered side-effects from medication that was given to him, including vomiting and fainting. *Id.*, p. 3.

REPORT AND RECOMMENDATION - 7

Viewing these allegations in the light most favorable to Plaintiff, the undersigned concludes that, at this stage of the litigation, Plaintiff has stated allegations from which an Eighth Amendment claim for lack of medical treatment may be inferred. Plaintiff's claim is deficient, however, because he has failed to allege how any of the named defendants were deliberately indifferent to his serious medical needs. Mr. Clemons alleges only that he sent kites to Erika Zimmerman, Mary Scott and Judy Snow to complain of undescribed medical issues. ECF No. 6, p.7. However, he does not describe how they or any other defendant deliberately caused him harm.

Mr. Clemons should be given an opportunity to amend his complaint to include factually specific allegations setting out the circumstances surrounding his medical needs, including how and when each of the named defendants, or any of them, were deliberately indifferent to his serious medical needs.

**(2)     Substandard Conditions of Confinement**

Where the conditions of confinement are challenged, a plaintiff must show two things: (1) that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation, and (2) that the prison official(s) acted "with a sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). As to the first prong, it is well settled that prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *See Farmer*, 511 U.S. 825.

Mr. Clemons alleges that the conditions of his confinement were substandard because the cells were cold and not properly cleaned, he was not given enough food to eat, and he was housed with inmates who yelled and screamed all night. ECF No. 6, pp. 7-10, 11.

REPORT AND RECOMMENDATION - 8

**(a) Temperature of Cell.** Prisoners are entitled to "the minimal civilized measure of life's necessities." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir.1997) (*citing Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994)). This includes a right to protection from extreme cold. *See id.* (holding that cell so cold that ice formed on walls and stayed throughout winter every winter might violate Eighth Amendment). "[C]ourts should examine several factors in assessing claims based on low cell temperature, such as the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Dixon*, 114 F.3d at 644.

In this regard, Mr. Clemons alleges that the Administrative Segregation unit "is horribly cold throughout the day and is worsened by the night." ECF No. 6, p. 11. He also alleges that his hands were "consistently numb along with his feet and nose" and that the only way to keep warm was "by always moving." He claims that he asked for grievances but received no response to his kites. *Id.*

Viewing these allegations in the light most favorable to Mr. Clemons, the undersigned finds that, at this stage in the litigation, he has sufficiently stated a claim for substandard conditions relating to the temperature in his cell. Mr. Clemons's claim is deficient, however, because he has failed to allege how any of the named defendants deliberately caused him harm.

Mr. Clemons should be given an opportunity to amend his complaint to include factually specific allegations setting out the circumstances surrounding the temperature in his cell, including how and when each of the named defendants, or any of them, violated his rights with regard to the temperature in his cell.

REPORT AND RECOMMENDATION - 9

**(b) Cleanliness of Cell.** Mr. Clemons also alleges generally that "the cleaning of the cells in 3S and 3NB tank where … house a handful of the psychotic inmates is rarely done and done poorly" … "where there is blood and human waste" and "from the female inmates they leave behind their hygiene products for their mentsturial [sic] problems." ECF No. 6, pp. 8-9. The court notes Plaintiff makes no claim that any serious health threat arose from the unpleasant condition, nor does he allege how the uncleanliness of these areas affected him. These general statements with no other factual support or context do not establish or allow an inference that the conditions were sufficiently serious to amount to a constitutional violation. *See Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988) (depriving prisoner of toilet paper, soap, toothpaste and toothbrush while keeping him in filthy, roach-infested cell for a period of several days was not a constitutional violation); *Morissette v. Peters*, 45 F.3d 1119, 1122-23, n. 6 (7th Cir.1995) (plaintiff's "filthy" cell and inadequate cleaning supplies did not violate Eighth Amendment).

Mr. Clemons should be given an opportunity to amend his complaint to include factually specific allegations setting out the circumstances of the unsanitary conditions of his cell, how such unsanitary conditions affected him in particular, and how and when each of the named Defendants, or any of them, violated his rights with regard to the cleanliness of his cell.

**(c) Food.** With respect to meals, "[t]he Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maas*, 12 F.3d 1444, 1456 (9th Cir.1993); see *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)(applying Eighth Amendment standard to a pretrial detainee's Fourteenth Amendment claims regarding his conditions of confinement). "'The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.'" *LeMaire*, 12 F.3d at 1456 (citations omitted). In

REPORT AND RECOMMENDATION - 10

order to violate the Eighth Amendment, deprivations must be "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

The withholding of food is not "a per se objective violation of the Constitution; instead, a court must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir.1999); *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir.1998) ("The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'") (citations omitted). The Court of Appeals for the Seventh Circuit has held that an inmate who alleged that prison officials withheld food from him on many occasions for three to five days at a time stated a claim under the Eighth Amendment. *Reed*, 178 F.3d at 853-54. The Court of Appeals for the Eighth Circuit concluded that denying an inmate food for 32 hours was objectively serious enough to violate the Eighth Amendment. *See Simmons v. Cook*, 154 F.3d 805, 808 (8th Cir.1998). However, not every denial of food violates the Constitution. *See Talib*, 138 F.3d at 214, n. 3 (noting it was doubtful inmate "was denied anything close to a minimal measure of life's necessities" when he was denied fifty meals in five months).

Turning to this case, Mr. Clemons alleges that on one occasion he found a rock in his food, which chipped his tooth, and on another occasion, he found a piece of cardboard. ECF No. 6, p. 6. He alleges that in a 12 to 13 hour day, he is served three meals, but must wait between five to seven hours between meals and while in the "hole" cannot buy store items. ECF No. 6, p. 7. He also complains that the food is "recycled" and that on Sundays they are served "7-day soup" and remnants of scraps in a "watered down gravy". *Id.*, p. 9.

REPORT AND RECOMMENDATION - 11

Liberally construed, the undersigned finds these allegations are not objectively serious enough to violate the Eighth Amendment as it does not appear that Mr. Clemons was denied anything close to a minimal measure of life's necessities. His complaint makes clear that he was served three meals a day. While he may have found the food to be less than palatable and even on occasion contained a foreign object, this does not amount to a constitutional deprivation. Accordingly, the undersigned recommends Defendants' motion to dismiss this claim be granted, without leave to amend.

       **(d) Noise.** Allegations of excessive noise in a prison can support a valid Eighth or Fourteenth Amendment claim. *See, e.g., Toussaint v. McCarthy*, 801 F.2d 1080, 1110 (9th Cir.1986) (affirming scope of relief granted by district court for noise level in the prison; evidence showed that there was a "constant level of noise" which adversely affected the inmates' hearing); *Kost v. Kozakiewicz*, 1 F.3d 176, 180 (3d Cir.1993) (section 1983 challenge to conditions of confinement, including allegations of unbearable noise pollution causing inmates to suffer degenerative hearing, should not have been dismissed on ground that issues were addressed in context of previous class action suit); *Inmates of Occoquan v. Barry*, 844 F.2d 828, 848 (D.C.Cir.1988) (excessive noise caused by unregulated television volume settings constituted constitutional violation only in combination with numerous other systemic deficiencies; proper to base holding on testimony that it was "necessary to almost shout to be heard"); *Williams v. Boles*, 841 F.2d 181, 183 (7th Cir.1988) (incessant noise may cause agony even though it leaves no physical marks).

Here, Mr. Clemons alleges only that "we are housed with inmates who yell and bang scream all night causeing [sic] many of us to stay awake." ECF No. 6, p. 8. The court notes that there is no allegation that the noise level posed any serious risk of injury to the plaintiff, that

REPORT AND RECOMMENDATION - 12

the noise is the result of malicious intent or reckless disregard for his well-being, or even that the noise is excessive or other than irritating.

Plaintiff should be given an opportunity to amend his complaint to include factually specific allegations setting out the circumstances of his noise claim including the nature of the noise and hose such noise affected him in particular, and how and when each of the named Defendants, or any of them, violated his rights with regard to excess noise.

**(3)      Failure to Process Grievances**

Mr. Clemons alleges that he experienced difficulty in submitting, processing and receiving responses to his inmate kites and grievances. ECF No. 6, pp. 5-6. He alleges that on one day, he gave ten kites to one corrections officer and eleven kites to another corrections officer, but has received no grievances. When he submits grievances, he often gets no response or when he gets a response, he "gets nowhere." *Id.*, p. 6. On another occasion when a correction officer (not a defendant in this case) called him a "gay bastard," he kited Defendants Karr and Pastor. *Id.*

Mr. Clemons cannot state a cognizable claim under § 1983 for failure to process grievances because prisoners have no stand alone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for Mr. Clemons's due process rights to have been violated by ignoring his grievances or failing to properly process them. Other district courts in this circuit have reached the same conclusion. *See Smith v. Calderon*, 1999 WL 1051947 (N.D.Cal.1999) (failure to properly process grievances did not violate any constitutional right); *Cage v. Cambra*, 1996

REPORT AND RECOMMENDATION - 13

WL 506863 (N.D.Cal.1996) (prison officials' failure to properly process and address grievances does not support constitutional claim); *James v. U.S. Marshal's Service*, 319 Ark. 312, 891 S.W.2d 375, 1995 WL 29580 (N.D.Cal.1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); *Murray v. Marshall*, 1994 WL 245967 (N.D.Cal.1994) (prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

Accordingly, the undersigned recommends that Plaintiff's claim relating to a failure to process grievances be dismissed without leave to amend.

**(4)    Failure to Train Subordinates**

In this claim, Mr. Clemons complains of a "failure to train subordinates in handling proper inmate problems." However, it is unclear who he is attempting to sue and why. His allegations are set forth in full as follows:

> Failure to train subordinates in handling proper inmate problems and the treatment of the inmates themselves is a very high reason why so many uprisings happen. I know for a fact that staff assaults are not always for no reason. The discretionary abuse exercised by the officers is nothing but just that, abuse. Abuse in that in less restrictive housing e.g. 4N, the guard on duty chooses when to let an inmate out to use the bathroom. Officers and Sergents [sic] say what is a grievable issue and demand that you write a kite stating your issue when the issue comes to this institution or anything legitiment [sic] thereof, there is never a response.

ECF No. 6, p. 4.

Liberally construed, the gist of Plaintiff's allegations appear to focus on the amount of discretion given to officers and sergeants to handle prisoner kites and grievances. ECF No. 6, p. 4. However, to the extent that Mr. Clemons's claim is based on a theory that jail officers are not properly trained to timely process prisoner grievances, such a claim is not cognizable under Section 1983 for the reasons explained above. Mr. Clemons has no due process right in the

REPORT AND RECOMMENDATION - 14

grievance process and cannot establish a constitutional violation against an individual officer for failure to timely process a grievance. Therefore, he cannot pursue a claim for failure to train officers in the processing of grievances.

However, Mr. Clemons should be given an opportunity to amend his complaint to include factual allegations as to the circumstances surround his claim that there is a failure to properly train "subordinates in handling proper inmate problems," and allegations of how and when each of the named Defendants, or any of them, violated his constitutional rights with regard to the failure to train.

Based on the foregoing, the undersigned recommends that Mr. Clemons be given an opportunity to file an amended complaint to allege facts relating to his claims that he was denied medical care, that he was subjected to substandard conditions of confinement, as described above, and failure to train subordinates. Based on the foregoing, the undersigned recommends that:

(1) Defendants' motion to dismiss (ECF No. 31) be **GRANTED** as to Plaintiff's claims relating to (1) failure to process grievances and (2) food.

(2) Defendants' motion to dismiss (ECF No. 31) be **DENIED** as to Plaintiff's claims relating to (1) lack of medical care; (2) the temperature and sanitary conditions in his cell; (3) excessive noise; and (4) failure to train subordinates and, that Plaintiff be given an opportunity to file an amended complaint to state facts relating to these claims only; and, that matter be re-referred to the undersigned.

(3) All discovery in this matter be **STAYED** pending further order of the court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

REPORT AND RECOMMENDATION - 15

objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 10, 2010**, as noted in the caption.

DATED this  17th  day of November, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16