UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QUILLON EDWARD CLEMONS,

                Plaintiff,

   v.

PAUL PASTOR, MARTHA KARR, ERIKA ZIMMERMAN, MARY SCOTT, JUDY SNOW, OFFICER NEILS, and OFFICER RANKIN,

                Defendants.

No. C10-5235 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 72) and Defendants' Motion to Strike Plaintiff's Motion (ECF No. 74). Having considered the motion, opposition, and balance of the record, the Court finds that Plaintiff's motion to amend will be denied and Defendants' motion to strike will be granted.

**BACKGROUND**

Plaintiff Quillon Edward Clemons filed his original complaint in this case on April 29, 2010. ECF No. 6. On July 22, 2010, Defendants moved to dismiss the complaint. ECF No. 31. The Court granted the motion to dismiss as to Plaintiff's claims relating to: (1) failure to process grievances and (2) food. The Court denied the motion to dismiss as to Plaintiff's claims relating to: (1) medical care; (2) temperature in his cell; (3) sanitary conditions of his cell; (4) excessive noise; and (5) failure to train subordinates. The Court directed Plaintiff to file an amended complaint regarding these claims. He was advised that his amended complaint should state facts relating to these claims only and that he is required to show how each defendant personally

ORDER DENYING MOTION TO AMEND - 1

participated in the alleged violation of his constitutional rights. Plaintiff was given until January 14, 2011 to file his amended complaint. ECF No. 43. On January 9, 2011, Plaintiff submitted a 34 page "Report and Brief in Support of a § 1983 Civil Action," consisting almost entirely of legal citations and conclusions. ECF No. 46. Plaintiff did not file an amended complaint as directed.

On January 19, 2011, the Court again directed Plaintiff to file an amended complaint or show cause on or before February 11, 2011, stating why he had not complied with the Court's Order to file an amended complaint and why this matter should not be dismissed.

Instead of filing an amended complaint or responding to the order to show cause, Plaintiff filed a motion for the issuance of subpoena (ECF No. 46), which was denied. ECF No. 48. In that Order, the Court advised Plaintiff that all discovery was stayed until he had filed an acceptable amended complaint. *Id.* On January 25, 2011, Plaintiff filed an affidavit and the affidavit of a "witness." ECF Nos. 49 and 50. He also sent a letter to Magistrate Judge Kelley Arnold regarding the "conditions of confinement." ECF No. 51. On January 27, 2011, Plaintiff filed a motion for summary judgment and a motion for an official and personal investigation. ECF Nos. 53 and 54. Those motions were denied as premature as no acceptable amended complaint had yet been filed and served in the case. ECF No. 55.

Instead of filing an amended complaint as he was directed to do in this case, Plaintiff filed another motion for leave to proceed *in forma pauperis* and a separate complaint in *Clemons v. Pastor, et al.*, No. C11-5133RBL/KLS, in which he named some of the same defendants and raised the same claims as he attempted to raise in this action, including claims which had previously been dismissed with prejudice. ECF No. 1 (therein). In a letter to the Clerk, Plaintiff stated that filing this subsequent action was "a complete misunderstanding" and "he was not

ORDER DENYING MOTION TO AMEND - 2

looking to file a separate cause in civil action." ECF No. 56 (herein). That case was dismissed without prejudice pursuant to Fed.R.Civ.P. 41(a)(1).

On March 22, 2011, Plaintiff requested a telephone conference with the Deputy Clerk in Charge or the District Court Executive to discuss his filings and to "fix the deficiency." ECF No. 56, p. 3. In the Order denying that request, the Court stated:

> Plaintiff has been carefully instructed on numerous occasions as to the scope of his remaining claims in this case. His previous claims relating to the failure to process grievances and food were dismissed. He was given an opportunity to replead claims relating to (1) medical care; (2) temperature in his cell; (3) sanitary conditions of his cell; (4) excessive noise; and (5) failure to train subordinates. ECF No. 43. Plaintiff has been given several opportunities to do so. <u>His next and last deadline</u> in this case is **April 8, 2011**. If he has not filed an amended complaint by that time, the court will recommend that this case be dismissed and that the dismissal be counted as a strike under 28 U.S.C. § 1915(g).

ECF No. 57 (underlined emphasis added).

On April 6, 2011, Plaintiff filed an amended complaint, in which he sues Paul Pastor, Martha Karr, Mary Scott, Officer Neils, and Officer Rankin. ECF No. 58. Defendants Judy Snow and Erika Zimmerman are no longer named as parties. *Id.* The Court directed service of the amended complaint on Officer Neils and Officer Rankin who were not previously named or served with Plaintiff's original complaint. ECF No. 59. On June 2, 2011, Defendants filed the motion to dismiss presently before the Court. ECF No. 67. In response, Plaintiff filed his opposition (ECF No. 71), and the motion to amend (ECF No. 72).

**DISCUSSION**

Rule 15 of the Federal Rules of Civil Procedure provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether justice requires granting leave to amend, courts are to consider "the presence or absence of

ORDER DENYING MOTION TO AMEND - 3

undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc*, 885 F.2d 531, 538 (9th Cir. 1989). "[T]he most important [factor] is whether amendment would result in undue prejudice to the opposing party . . . ." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1982).

"Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986). *See also Equal Employment Opportunity Comm'n v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir.), *cert. denied*, 109 S. Ct. 222 (1988) (court denied party right to amend complaint where party had had knowledge of allegations that it sought to include since before the filing of the suit). The *Acri* Court determined that plaintiffs' motion to amend was brought to avoid the possibility of an adverse summary judgment ruling, and that allowing amendment would prejudice defendants because of the necessity for further discovery. *Acri*, 781 F.2d at 1398-99.

Plaintiff filed his motion for leave to file an amended complaint after Defendants filed their motion to dismiss and after he was given leave to amend his complaint (as to specified claims only) on January 14, 2011, February 11, 2011, and again for the final time, on April 8, 2011. ECF Nos. 43, 47 and 57. He raises no new claims that he could not have brought sooner and in fact, attempts to allege several incidents which occurred after the filing of his original complaint. In addition, in his opposition to Defendants' motion to dismiss, Plaintiff acknowledges that he is no longer pursuing claims against Defendants Snow and Zimmerman

ORDER DENYING MOTION TO AMEND - 4

and that he intended to "lessen the complaint to the two most specific reasons for bringing the civil action," *i.e.*, lack of medical care and failure to train or supervise. ECF No. 71. With this new belated motion to amend, however, Plaintiff again attempts to assert claims related to the temperature and sanitary conditions of his cell, and also attempts to assert new claims, some for events occurring well after the filing of his original complaint, such as a claim of verbal harassment by Officer Rankin (for events occurring in March 2011); a claim for "deliberate indifference" when he left the medication line and was not let back in on February 2, 2011; and a "Miscellaneous" claim against Sergeant Henderson, who allegedly shook "his buttucks" at Plaintiff "for some reason or another." ECF No. 72.

The Court finds that Plaintiff should not be allowed to again amend his complaint. He has been given more than ample opportunity to state his claims and the Court has generously provided him extension after extension. The last extension to amend was April 8, 2011. Plaintiff's motion to amend was not filed until June 29, 2011, well after the amendment deadline and well after Defendants filed their second motion to dismiss. The original Defendants have been litigating this case for well over a year. They have responded to Plaintiff's numerous motions, including a motion for summary judgment. They have filed two motions to dismiss, seeking dismissal of Plaintiff's claims with prejudice. Defendants are entitled to a ruling on their latest motion to dismiss. Plaintiff will not be allowed to continuously re-allege and re-litigate his claims.

An amendment at this stage in the case is not necessary and will only cause unnecessary and prejudice to the present Defendants.

It is, therefore, **ORDERED:**

(1) Plaintiff's Motion to Amend (ECF No. 72) is **DENIED.**

ORDER DENYING MOTION TO AMEND - 5

(2)  Defendants' motion to strike (ECF No. 74) is **GRANTED.**

(3)  The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this   30th   day of August, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION TO AMEND - 6