UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QUILLON EDWARD CLEMONS,

                     Plaintiff,

    v.

PAUL PASTOR, MARTHA KARR, ERIKA ZIMMERMAN, MARY SCOTT, JUDY SNOW, OFFICER NIELS, and OFFICER RANKIN,

                     Defendants.

No. C10-5235 RJB/KLS

**REPORT AND RECOMMENDATION**
**Noted for: September 30, 2011**

This matter is proceeding on Plaintiff's Amended Complaint. ECF No. 58. Presently before the Court is the motion of Defendants Paul Pastor, Martha Karr, Erika Zimmerman, Mary Scott, Judy Snow, Officer Neils, and Officer Rankin to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF No. 67. Plaintiff filed a brief in opposition (ECF No. 71) and a motion to amend his complaint (ECF No. 72). Under separate Order the motion to amend has been denied.

Having carefully reviewed the motion, opposition, and balance of the record, the undersigned recommends that Defendants' motion be granted and that Plaintiff's claims be dismissed without leave to amend as he has failed to state a cognizable claim under 42 U.S.C. § 1983.

**BACKGROUND**

Plaintiff Quillon Edward Clemons filed his original complaint in this case on April 29, 2010. ECF No. 6. On July 22, 2010, Defendants moved to dismiss the complaint. ECF No. 31.

REPORT AND RECOMMENDATION - 1

The Court granted the motion to dismiss as to Plaintiff's claims relating to: (1) failure to process grievances and (2) food. The Court denied the motion to dismiss as to Plaintiff's claims relating to: (1) medical care; (2) temperature in his cell; (3) sanitary conditions of his cell; (4) excessive noise; and (5) failure to train subordinates. The Court directed Plaintiff to file an amended claim as to these five claims. Plaintiff was advised that his amended complaint should state facts relating to these claims only and that he is required to show how each defendant personally participated in the alleged violation of his constitutional rights. Plaintiff was given until January 14, 2011 to file his amended complaint. ECF No. 43. On January 9, 2011, Plaintiff submitted a 34 page "Report and Brief in Support of a § 1983 Civil Action," consisting almost entirely of legal citations and conclusions. ECF No. 45. He also filed a motion for the issuance of a subpoena. ECF No. 46. Plaintiff did not file an amended complaint as directed.

On January 19, 2011, the Court again directed Plaintiff to file an amended complaint or show cause on or before February 11, 2011, stating why he had not complied with the Court's Order to file an amended complaint and why this matter should not be dismissed. ECF No. 47. In the Order denying Plaintiff's motion for the issuance of a subpoena, the Court advised Plaintiff that all discovery was stayed until he had filed an acceptable amended complaint. ECF No. 48.

On January 25, 2011, Plaintiff filed an affidavit and the affidavit of a "witness." ECF Nos. 49 and 50. He also sent a letter to Magistrate Judge Kelley Arnold regarding the "conditions of confinement." ECF No. 51. On January 27, 2011, Plaintiff filed a motion for summary judgment and a motion for an official and personal investigation. ECF Nos. 53 and 54. Those motions were denied as premature as no acceptable amended complaint had yet been filed and served in the case. ECF No. 55.

REPORT AND RECOMMENDATION - 2

Instead of filing an amended complaint as he was directed to do in this case, Plaintiff filed a second motion for leave to proceed *in forma pauperis* and a separate complaint in *Clemons v. Pastor, et al.*, No. C11-5133RBL/KLS. He named most of the same defendants and attempted to raise the same claims as he had raised here, including some claims that had already been dismissed with prejudice. ECF No. 1 (therein). In a letter to the Clerk, Plaintiff stated that filing this subsequent action was "a complete misunderstanding" and "he was not looking to file a separate cause in civil action." ECF No. 56 (herein). That case was dismissed without prejudice pursuant to Fed.R.Civ.P. 41(a)(1). ECF No. 6 (therein).

On March 22, 2011, Plaintiff requested a telephone conference with the Deputy Clerk in Charge or the District Court Executive to discuss his filings and to "fix the deficiency." ECF No. 56, p. 3. In the Order denying that request, the Court stated:

> Plaintiff has been carefully instructed on numerous occasions as to the scope of his remaining claims in this case. His previous claims relating to the failure to process grievances and food were dismissed. He was given an opportunity to replead claims relating to (1) medical care; (2) temperature in his cell; (3) sanitary conditions of his cell; (4) excessive noise; and (5) failure to train subordinates. ECF No. 43. Plaintiff has been given several opportunities to do so. <u>His next and last deadline</u> in this case is **April 8, 2011**. If he has not filed an amended complaint by that time, the court will recommend that this case be dismissed and that the dismissal be counted as a strike under 28 U.S.C. § 1915(g).

ECF No. 57 (underlined emphasis added).

On April 6, 2011, Plaintiff filed an amended complaint, in which he named Paul Pastor, Martha Karr, Mary Scott, Officer Neils, and Officer Rankin. ECF No. 58. Defendants Judy Snow and Erika Zimmerman are no longer named as parties. *Id.* The Court directed service of the amended complaint on Officer Neils and Officer Rankin who were not previously named or served with Plaintiff's original complaint. ECF No. 59. On June 2, 2011, Defendants filed the motion to dismiss presently before the Court. ECF No. 67. In response, Plaintiff filed his

REPORT AND RECOMMENDATION - 3

opposition (ECF No. 71) and the motion to amend (ECF No. 72). As noted above, the motion to amend has been denied under separate Order.

**PLAINTIFF'S AMENDED COMPLAINT**

In this 42 U.S.C. § 1983 action, Plaintiff sues employees of the Pierce County Jail, including Paul Pastor (Sheriff), Martha Karr (Chief of Corrections Supervisor), Mary Scott (Head of Nurses), and Correction Officers Neil and Rankin. ECF No. 58. Two individuals previously named in Plaintiff's original complaint, Judy Snow and Erika Zimmerman, are not included in the amended complaint. Although he was granted leave to amend his complaint to factually plead his claims relating to: (1) medical care; (2) temperature in his cell; (3) sanitary conditions of his cell; (4) excessive noise; and (5) failure to train subordinates, the amended complaint includes claims relating to medical care and failure to train only.

**A.    Failure to Train**

In his original complaint Plaintiff claimed that there was "a failure to properly train 'subordinates in handling proper inmate problems'". He failed, however to allege how and when the named defendants, or any of them, violated his constitutional rights with regard to a failure to train. ECF No. 39, p. 15. He was given leave to file an amended complaint to include those allegations. *Id.*; ECF No. 43, p. 2. In his amended complaint, Plaintiff states nineteen distinct allegations relating to his claim that there was a failure to train jail employees. Defendants have fairly summarized those allegations in an Appendix to their motion to dismiss. ECF No. 68, p. 3 (Appendix A). Plaintiff does not dispute Defendants' summary of his allegations. Of the nineteen allegations, only two occurred prior to the filing of Plaintiff's original complaint and several allege actions relating to other inmates. ECF No. 58, pp. 3-10. None of the allegations post-dating Plaintiff's original complaint can serve as the basis of Plaintiff's claim for failure to

REPORT AND RECOMMENDATION - 4

train subordinates.  Plaintiff was specifically and repeatedly instructed by the Court to limit his factual allegations in his amended complaint to the claims asserted in his original complaint. Thus, the only two allegations that arguably support Plaintiff's claim for failure to train are as follows:

>       (1)     Corrections Deputy McKenn threw away his request for legal copies and his grievance regarding "the gross" plumbing.
>
>       (2)     Plaintiff overheard Corrections Officer Ferrell say he would not press charges on an inmate with "weed" in his belongings.

ECF No. 58, pp. 6-7.

**B.      Medical Care**

In his original complaint, Plaintiff alleged that he suffered from panic attacks that went untreated; he suffers chronic pain in his shoulder despite medication; and, he was forced to sleep in an upper bunk despite his shoulder pain.  ECF No. 6, pp. 11 and 3.  He also alleged that he suffered side-effects (vomiting and fainting) from medication that was given to him.  *Id.*, p. 3. On the basis of these allegations, the Court found that while he stated allegations from which an Eighth Amendment claim for lack of medical claim might be inferred, his claim was deficient because he failed to allege how any of the named defendants were deliberately indifferent to his serious medical needs.  He was granted leave to amend for that purpose.  ECF No. 39, pp. 7-8; ECF No. 43, p. 2.

All of the allegations in Plaintiff's Amended Complaint relating to medical care post-date the allegations stated in his original complaint.  *See* ECF No. 58; ECF No. 68, p. 4 (Appendix B to Defendants' Motion).  Of these new allegations, only the allegations relating to his shoulder pain and mental health are arguably related to the claim originally alleged by Plaintiff although they occurred as recently as March of this year.  Plaintiff alleges that he has "deep chronic pain"

REPORT AND RECOMMENDATION - 5

from an ACL right shoulder separation. ECF No. 58, p. 11. He alleges that Defendant Nurse Scott refused his request for medical attention six times in March of 2011. *Id*. However, it is not known for what condition Plaintiff requested medical attention or why he was refused. Conversely, Plaintiff alleges that he was initially told (by an unknown person) that he would "be seen after other higher priority cases." *Id*. at 13. Plaintiff alleges that he was given Tylenol for his pain but he refused the medication because, "[i]n safeguarding my future health, I have asked for the stopping of my Tylenol because I will not allow these people to poison me …." *Id*. He claims that when he takes the pills "proscribed [sic] by the county there is absolutely no change." *Id*. at 14.

Plaintiff alleges that unknown persons stopped his "psych medication, paxel [sic] …." *Id*. at 11. He alleges this occurred on March 14, 2011, over a year after the date of his original Complaint. *Id*. at 12. He claims that he was assured by an unknown "mental health staff member" that he would be seen for this on March 22, 2011. *Id*. at 11-12. Plaintiff alleges that as of March 26, 2011, he was still not seen by mental health staff, and that "this complex physical emotional stress of a complete refusal of medical attention and mental health attention, nor any monitoring or check ups from the MH staff who know of my history … has driven me to cutting on myself …." *Id*. Plaintiff also alleges that he "recently" received another sanction for harassing the medical staff. *Id.*

## STANDARD OF REVIEW

The court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001). All material factual allegations contained in the complaint are taken as admitted and the complaint is to be liberally construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395

U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b) (6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Although pro se pleadings should be construed liberally, the court may not supply essential elements of the claim that were not pled. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982); see also *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

In order to survive a motion to dismiss, a complaint must also contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. "[N]aked assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice. *Id.*, quoting *Twombly*, 550 U.S. at 557. Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, quoting *Twombly*, 550 U.S. at 570.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of

REPORT AND RECOMMENDATION - 7

the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (1977). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Defendants in a 42 U.S.C. § 1983 action cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978); *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Absent some personal involvement by the defendants in the allegedly unlawful conduct of subordinates, they cannot be held liable under § 1983. *Johnson*, 588 F.2d at 743-44. "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or

REPORT AND RECOMMENDATION - 8

knowingly acquiesced in the unconstitutional conduct." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), cert. denied, 469 U.S. 845 (1984).

**A.  Defendants and Claims Omitted from Amended Complaint**

Plaintiff states that he intentionally omitted Judy Snow and Erika Zimmerman as defendants and intentionally omitted his claims relating to temperature, sanitary conditions, and excessive noise.  ECF No. 71, pp. 2-3.  He is aware that an amended complaint supersedes the original in its entirety and intended that it do so.  *Id.*, p. 2.  Since Judy Snow and Erika Zimmerman are no longer included as Defendants, they are no longer parties to this case.  Mr. Clemons has effectively dismissed them from the case by not naming them in his Amended Complaint.  In addition, the initial claims relating to temperature, sanitary conditions and excessive noise are also no longer before the Court.

**B.  Failure to Train**

To prove municipal liability under § 1983, the plaintiff must show that the unconstitutional deprivation of rights arises from a governmental custom, policy, or practice. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  A municipality's "policy can be one of action or inaction," although "[b]oth types of claims require that the plaintiff prove a constitutional violation."  *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010).  In the absence of a formal policy, plaintiff must identify a "longstanding practice or custom which constitutes the standard operating procedure" that caused his alleged constitutional deprivation, and this practice or custom cannot be "predicated on isolated or sporadic incidents[.]"  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996).  Thus, to state a constitutional claim against a municipality, a plaintiff must (1) identify the specific "policy" or "custom," (2) fairly attribute the policy or custom and fault for

REPORT AND RECOMMENDATION - 9

its creation to the municipality, and (3) establish the necessary "affirmative link" between the identified policy or custom and the specific constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

Inadequacy of training may serve as a basis for liability under § 1983 only "where that city's failure to train reflects deliberate indifference to the constitutional rights of its inhabitants." *Harris*, 489 U.S. at 392; *see also Waggy*, 594 F.3d at 713. "[I]t may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Harris*, 489 U.S. at 390. In resolving the issue of liability, "the focus must be on the adequacy of the training program in relation to the tasks that particular officers must perform." *Id.*

As noted above, Plaintiff was specifically and repeatedly instructed by the Court to limit his factual allegations in his Amended Complaint to the claims asserted in his original Complaint. Plaintiff has failed to do so and instead, includes eighteen allegations relating to incidents that took place *after* the claims in his original complaint (dated March 3, 2010), many of which relate to the treatment of other inmates. This Court ordered Plaintiff to elucidate on the basis of his original claim; Plaintiff cannot comply with that order by relying on subsequent incidents to support the claim. Thus, Plaintiff's failure to train is based on two allegations that pre-date the filing of his original complaint: (1) Corrections Deputy McKenn threw away his request for legal copies and his grievance regarding "the gross" plumbing, and (2) Plaintiff overheard Corrections Officer Ferrell say he would not press charges on an inmate with "weed" in his belongings. *See* ECF No. 58, pp. 6-7; ECF No. 68, p. 3. These allegations are insufficient

REPORT AND RECOMMENDATION - 10

to state a claim against a municipality for failure to train its corrections officers. Although Plaintiff seeks monetary damages from "the governmental office," he has not named a municipality or municipal agency as a party over which this Court has jurisdiction.

In addition and even if the Court were to consider all nineteen allegations regardless of when they occurred, Plaintiff has failed to identify the specific "policy" or "custom," (2) fairly attribute the policy or custom and fault for its creation to the municipality, and (3) establish the necessary "affirmative link" between the identified policy or custom and any constitutional violation. Plaintiff alleges only that Sheriff Pastor and Martha Karr "are responsible for the proper supervision of the county jail." ECF No. 58, p. 10. However, there are no facts to support a claim that either of these defendants made a deliberate or conscious choice not to train the jail staff in any respect, knowing that their failure to do so would likely result in the violation of constitutional rights.

Accordingly, it is recommended that Plaintiff's failure to train claims be dismissed.

**C.    Eighth Amendment – Medical Care**

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 7, 104 (1976). Deliberate indifference includes denial, delay or intentional interference with a prisoners's medical treatment. *Id*. at 104-5; see also *Broughton v. Cutter Labs*., 622 F.2d 458, 459-60 (9th Cir. 1980). To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

REPORT AND RECOMMENDATION - 11

First, the alleged deprivation must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834. A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059. Second, the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834.

An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. *Id*. at 835. In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known. See *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). In other words an official must (1) be actually aware of facts from which an inference could be drawn that a substantial risk of harm exists, (2) actually draw the inference, but (3) nevertheless disregard the risk to the inmate's health. *Farmer*, 511 U.S. at 837-8.

Prison authorities have "wide discretion" in the medical treatment afforded prisoners. *Stiltner v. Rhay*, 371 F.2d 420, 421 (9th Cir. 1971), cert. denied, 387 U.S. 922 (1972). To prevail on an Eighth Amendment medical claim, the plaintiff must "show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), cert. denied, 519 U.S. 1029. A claim of mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Simple

REPORT AND RECOMMENDATION - 12

malpractice, or even gross negligence, does not constitute deliberate indifference. *McGuckin*, 974 F.2d at 1059. Similarly, a difference of opinion between a prisoner-patient and prison medical authorities regarding what treatment is proper and necessary does not give rise to a §1983 claim. *Franklin*, 662 F.2d at 1344; *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970). If a plaintiff is claiming a delay of medical care, then he must demonstrate that the delay was actually harmful. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam); *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

In his original complaint, Plaintiff alleged that he suffered from panic attacks that went untreated; that despite medication, he suffers chronic pain in his shoulder; and, that he was forced to sleep in an upper bunk despite his shoulder pain. ECF No. 6, pp. 11 and 3. He also alleged that he suffered side-effects from medication that was given to him, including vomiting and fainting. *Id.*, p. 3. On the basis of these allegations, the Court found that while he stated allegations from which an Eighth Amendment claim for lack of medical claim may be inferred, his claim was deficient because he failed to allege how any of the named defendants were deliberately indifferent to his serious medical needs. He was granted leave to amend for this purpose. ECF No. 39, pp. 7-8; ECF No. 43, p. 2.

In his amended complaint, Plaintiff bases his Eighth Amendment claim solely on allegations that post-date his original petition. He includes no explanation of the facts and circumstances that caused him to file his complaint in the first place. He alleges no facts to support his claim that Defendants violated his Eighth Amendment rights when he suffered from untreated panic attacks, chronic shoulder pain that persists despite medication, and having to sleep in an upper bunk even though he suffered shoulder pain. Despite being given several opportunities to do so, he has also failed to allege facts showing that the Defendants, or any of

REPORT AND RECOMMENDATION - 13

them, refused to treat his panic attacks, failed to treat his chronic shoulder pain, or forced him to sleep in an upper bunk. Instead, he now alleges that he has been treated for his chronic shoulder pain with Tylenol, which he chooses not to take because of some unsupported belief that Tylenol will "poison" him; that he was given Paxil by an unidentified person for his mental health issues but that this medication was just recently stopped by "someone" about five months ago; that in March 2011, Defendant Scott sent six kites stating that Plaintiff would not be given medical attention (for some unidentified condition) and one kite stating that Plaintiff has the right to refuse his medication; that an unidentified person told him that he would be seen after other higher priority cases; and, that he was sanctioned for harassing medical staff. ECF No. 58, pp. 11-13.

Liberally construed, Plaintiff's allegations reflect that he was seen by either Defendant Scott or other medical providers, that he was given Tylenol for his shoulder and Paxil for his mental health. It is clear that he disagrees that Tylenol is an inappropriate treatment and is upset that the Paxil prescription has been discontinued. However, it is well established that mere difference of opinion between a prisoner-patient and prison medical authorities regarding what treatment is proper and necessary does not give rise to a § 1983 claim. *Mayfield v. Craven,* 433 F.2d 873, 874 (9th Cir. 1970).

Plaintiff was specifically and repeatedly instructed by the Court to limit his factual allegations in his Amended Complaint to the claims asserted in his original Complaint. He was also ordered to make factually specific allegations showing "how and when each of the named defendants, or any of them, were deliberately indifferent to his serious medical needs." ECF No. 43, p. 2. Despite more than ample opportunity, he has again failed to do so.

REPORT AND RECOMMENDATION - 14

## CONCLUSION

For the reasons stated above, the undersigned concludes that Plaintiff's amended complaint should be dismissed with prejudice without leave to amend pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 30, 2011**, as noted in the caption.

**DATED** this  12th  day of September, 2011.

Karen L. Strombom
United States Magistrate Judge